11-1-20 1646

MARK FERNLUND PI LIC A127531
UTAH COUNTY CONSTABLE ANTHONY R FERNLUND
FERNLUND PROCESS SRVC 40N 100E PROVO UT 385-312-0778

Bruce M. Franson (10792)
**FLICKINGER SUTTERFIELD & BOULTON**
9289 South Redwood Road, Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 509-7101
bruce@fsutah.com
*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT
IN AND FOR WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| KENNETH JEPSON, JASON JEPSON, BRIAN JESPON, individuals, Plaintiffs, v. SCOTT MAXFIELD, an individual; and CANDYCO, LLC, dba MRS. CALLS. Defendants. | **SUMMONS** **Tier III** Case No. 200500087 Judge Jennifer A. Brown |

THE STATE OF UTAH TO DEFENDANT: **Scott Maxfield**

You are hereby summoned and required to file an Answer in writing to the attached Complaint with the Clerk of the Fourth Judicial District Court (Wasatch County) located at 1361 South Highway 40, Ste 110, Heber City, Utah 84032 and to serve upon, or mail to FLICKINGER SUTTERFIELD & BOULTON, 9289 S. Redwood Rd., Ste. A, West Jordan, UT 84088, Plaintiff's attorneys, a copy of said answer within twenty-one (21) days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED September 11, 2020.

FLICKINGER SUTTERFIELD & BOULTON

/s/ Bruce M. Franson
Bruce M. Franson
*Attorney for Plaintiff*

SERVE DEFENDANT AT:

Scott Maxfield
64 E. Provence Way
Midway, UT  84049-6963

Bruce M. Franson (10792)
**FLICKINGER SUTTERFIELD & BOULTON**
9289 South Redwood Road, Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 509-7101
bruce@fsutah.com
*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT
IN AND FOR WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| KENNETH JEPSON, JASON JEPSON, BRIAN JESPON, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT MAXFIELD, an individual; and CANDYCO, LLC, dba MRS. CALLS. <br><br> Defendants. | **SUMMONS** <br><br><br> **Tier III** <br> Case No. 200500087 <br> Judge Jennifer A. Brown |

THE STATE OF UTAH TO DEFENDANT: **Scott Maxfield**

You are hereby summoned and required to file an Answer in writing to the attached Complaint with the Clerk of the Fourth Judicial District Court (Wasatch County) located at 1361 South Highway 40, Ste 110, Heber City, Utah 84032 and to serve upon, or mail to FLICKINGER SUTTERFIELD & BOULTON, 9289 S. Redwood Rd., Ste. A, West Jordan, UT 84088, Plaintiff's attorneys, a copy of said answer within twenty-one (21) days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED September 11, 2020.

        **FLICKINGER SUTTERFIELD & BOULTON**

        */s/ Bruce M. Franson*
        Bruce M. Franson
        *Attorney for Plaintiff*

SERVE DEFENDANT AT:

    Scott Maxfield
    64 E. Provence Way
    Midway, UT 84049-6963

Bruce M. Franson (10792)
**FLICKINGER SUTTERFIELD & BOULTON**
9289 South Redwood Road, Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 509-7101
bruce@fsutah.com
*Attorney for Plaintiff*

IN THE FOURTH JUDICIAL DISTRICT COURT
IN AND FOR WASATCH COUNTY, STATE OF UTAH

| | |
|---|---|
| KENNETH JEPSON, JASON JEPSON, BRIAN JESPON, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT MAXFIELD, an individual; and CANDYCO, LLC, dba MRS. CALLS.<br><br>Defendants. | **COMPLAINT**<br><br>**Tier III**<br>Case No. 200500087<br>Judge Jennifer A. Brown |

Plaintiffs Kenneth Jepson, Jason Jepson, and Brian Jepson ("Plaintiffs"), through their undersigned attorneys of record, hereby complains of Defendants and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiffs are, and at all times relevant hereto were, residents of Midway, Wasatch County, Utah.

2. Defendant Scott Maxfield ("Maxfield") is an individual residing, upon information and belief, in Midway, Wasatch County, Utah.

3. Upon information and belief Maxfield is and at all times relevant hereto, was the owner or a principal of Defendant CandyCo, LLC.

4. Defendant Candyco LLC, dba Mrs. Calls ("CandyCo") is a Utah limited liability company with its principal place of business in Heber, Wasatch County, Utah.

5. Plaintiff alleges that at all times material hereto, Defendants were each acting for themselves, and as an agent, servant, and/or employee of each of its co-defendants, and in doing or failing to do the acts alleged herein was acting within the scope and authority as such agent, servant and/or employee, and with the permission and consent of its co-defendant.

6. Each Defendant, whether acting for itself or as an agent or otherwise, is in some way liable or responsible to the Plaintiff on the facts herein alleged and thereby caused damages as herein alleged.

7. At all times material to this action, Defendants have employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

8. Defendants' annual gross volume of sales made or business done exceeds $500,000.

9. All events giving rise to this Complaint occurred in, and the causes of action alleged in this action arose in Wasatch County, Utah.

10. This Court has jurisdiction over this action pursuant to Utah Code § 78A-5-102.

11. Venue is proper in this Court pursuant to Utah Code § 78B-3-307.

## GENERAL ALLEGATIONS

12. Beginning in the fall of 2018 all Plaintiffs collectively applied for a position to work with Defendant CandyCo.

13. This process entailed a series of verbal conversations and text message exchanges with Defendant Maxfield.

14. As part of these discussions, Maxfield offered to hire Plaintiffs to work at CandyCo.

15. The agreement between Plaintiffs and Defendants was that Plaintiffs would begin work at a rate of $12 per hours, and after four to seven weeks would be raised to $20 per hour.

16. Plaintiffs had multiple conversations with Maxfield, both in person an over text message, reiterating and confirming the agreed upon pay raise.

17. During those conversations, Maxfield reiterated his understanding of the agreement, but prevaricated on payment, delayed in responding, and implied that other managerial employees or partners were actually at fault for failing to make the payments at issue.

18. Plaintiffs never received the pay raises promised to them.

19. Plaintiffs worked more than 40 hours per week beginning with the first week of employment.

20. Plaintiffs were not in a managerial position or otherwise exempt from the overtime pay requirements of the Utah Payment of Wages Act or the FLSA as described in further detail herein below.

21. Plaintiffs continued to work more than 40 hours per week each and every week they were employed by the Defendants.

3

22. Plaintiffs were not paid the necessary and mandatory additional wages required by the Utah Payment of Wages Act and the FLSA for any of the overtime they worked while employed by Defendants.

23. Plaintiffs terminated their employment with Defendants on or about November 23, 2018.

24. Plaintiffs engaged the services of attorney Ariel Jepson, who drafted and sent a written demand to the Defendants on or about August 7, 2019.

25. Attorney Jepson sent a second demand on or about September 10, 2019.

26. To date, Defendants have not paid the unpaid wages or the unpaid overtime owed to the Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27. Plaintiffs reallege and incorporate by reference herein all preceding paragraphs in this Complaint.

28. Plaintiffs entered into a contract with Defendants, acting through Scott Maxfield, to raise their pay to $20 per hour.

29. Defendants breached their contractual duties in several ways, including but not limited to when they failed and refused to provide the promised pay raises according to the agreement.

30. Defendants' breach was done knowingly and intentionally or in reckless disregard of the terms of the agreement and of the rights of the Plaintiffs.

31. By those breaches, Defendants also breached the covenant of good faith and fair dealing implicit in their contract with Plaintiffs.

32. As a proximate result of Defendants' breaches of the employment agreement, Plaintiffs incurred economic and noneconomic damages in an amount to be determined at trial, together with any legal interest thereon from the date of Defendants' first breach of said contract.

33. Plaintiffs have incurred, and will continue to incur, consequential damages in an amount to be proven at time of trial. These consequential damages include attorney's fees and costs for the prosecution of this action.

## SECOND CLAIM FOR RELIEF
### (Fraud)

34. Plaintiffs reallege and incorporate by reference herein all preceding paragraphs in this Complaint.

35. During the course of their employment of Plaintiffs, Defendants made several false statements to Plaintiffs about matters that were material to Plaintiffs' employment with Defendants, including but not limited to:

    a. Promised wage raises from $12 per hour to $20 per hour after anywhere from 4 to 7 weeks,

    b. Payment of overtime wages for overtime actually worked

36. Such statements were communicated to Plaintiffs by Maxfield himself.

5

37. Defendants made these statements knowing they were false or with a reckless disregard for the truth or falsity of the statements.

38. Defendants intended Plaintiffs to rely on the statements.

39. In fact, Plaintiffs reasonably relied on Defendants' statements to their detriment.

40. To the extent staff or any employee or agent of Defendants who is not named as a Defendant herein is found at fault for making the fraudulent statements described above, Defendants are vicariously liable for the acts or omissions of such.

41. The actions of Defendants described herein above were done knowingly and intentionally or with reckless disregard of the rights of the Plaintiffs.

42. As a proximate result of Defendants failures and breaches described herein, Plaintiffs incurred economic and noneconomic damages in an amount to be determined at trial, together with any legal interest thereon from the date of Defendants' first breach of said duties.

43. Plaintiffs have incurred, and will continue to incur, consequential damages in an amount to be proven at time of trial. These consequential damages include attorney's fees and costs for the prosecution of this action.

### THIRD CLAIM FOR RELIEF
**FLSA – Unpaid Overtime**

44. Plaintiffs reallege and incorporate by reference herein all preceding paragraphs in this Complaint.

45. Plaintiffs worked for Defendants between approximately September 12, 2018, and November 23, 2018.
46. Plaintiffs were not required to exercise or otherwise rely on any advanced knowledge or experience to complete their job duties.
47. During the course of their employment with Defendants, Plaintiff regularly worked over 40 hours per work week without receiving any additional compensation.
48. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).
49. Defendants are subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).
50. At all relevant times, Defendants were, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.
51. During all relevant times the Plaintiffs were covered employees entitled to the above-described FLSA protections. See 29 U.S.C. § 203(e).
52. Plaintiffs are not exempt from the requirements of the FLSA.
53. Plaintiffs are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.
54. Defendants' compensation scheme applicable to Plaintiffs failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

55. Defendants knowingly failed to compensate Plaintiffs at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

56. Defendants also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiffs sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

57. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

58. Pursuant 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount to be determined by the jury for the following damages:

1. Economic damages, in a reasonable and substantial amount for unpaid wages and overtime, to be proved at trial and determined by the jury;

2. Noneconomic damages, in a reasonable and substantial amount, to be proved at trial and determined by the jury;

3. For liquidated damages for Defendants' failure to pay overtime pursuant to the FLSA;

4. For punitive damages in an amount to be determined at trial;

5. For all allowable statutory interest on Plaintiff's economic damages; and

6. For all attorneys' fees incurred in the negotiation and prosecution of this case;

7. For any other and further legal and/or equitable relief deemed just and proper by the Court including, without limitation, attorney fees, costs, pre- and post-judgment interest, and any other damages recoverable by law.

## TIER DESIGNATION

Plaintiff represents that the total amount of damages he is seeking and should be awarded are sufficient to satisfy the Tier III requirements of the Utah Rules of Civil Procedure and discovery should proceed as therein proscribed.

DATED September 11, 2020.

**FLICKINGER SUTTERFIELD & BOULTON**

/s/ Bruce M. Franson
Bruce M. Franson
*Attorney for Plaintiff*